IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| COLONEL CASMERE TAYLOR, U.S. ARMY | : |
| v. | : CASE NO.:  RDB 14-cv-3098 |
| WILL DEHSEA BERRAIN | : JURY TRIAL DEMANDED |
| AND | : |
| SPECIALIZED TRANSPORTATION, INC. | : |
| AND | : |
| RYDER TRUCK RENTAL, INC.<br>11690 NW 105th Street<br>Miami Florida 33178<br>SERVE ON: RESIDENT AGENT<br>Corporate Creations Network, Inc.<br>2 Wisconsin Circle #700<br>Chevy Chase, Maryland 20815 | :<br><br>:<br><br><br>:<br><br>: |
| Defendants | : |

: : : : : : : : : : : : :

**AMENDED COMPLAINT**

COMES NOW PLAINTIFF Colonel Casmere Taylor, U.S. Army, by and through his undersigned counsel, and he hereby brings suit against Defendants Will Dehsea Berrain, Specialized Transportation, Inc., and Ryder Truck Rental, Inc. and states the causes of action as follows:

**THE PARTIES**

1. Plaintiff Colonel Casmere Taylor, U.S. Army is an adult citizen of the State of Washington and resides at 2389 Astoria Court, Takoma, Washington, 98433.

2.      Upon information and belief, Defendant Will Dehsea Berrain ("Defendant Berrain") resides in Valdosta, Georgia. Defendant Berrain was the operator of the tractor-trailer involved in this accident owned by Specialized Transportation, Inc. ("Defendant Specialized") and/or Ryder Truck Rental, Inc. ("Defendant Ryder").  At all times relevant to this action, Defendant Berrain was operating a vehicle that he or his employer Defendant Specialized and/or Defendant Ryder either owned and/or contracted to rent (in whole or in part) – namely a tractor trailer comprising a cab and a trailer (the "Tractor-Trailer"), and Defendant Berrain was acting within the course and scope of his job and/or his or his employer's (Defendant Specialized's) rental agreement.

3.      Upon information and belief, Defendant Specialized is a corporation, incorporated in Indiana, with its main office in Fort Wayne, Indiana. Defendant Specialized does business in Maryland. At all times relevant to this action, Defendant Berrain was authorized by Defendant Specialized to operate the Tractor-Trailer at the location of the accident, and, at the time of the accident.

4.      Upon information and belief, Defendant Ryder is a corporation with its main office in Miami, Florida. Defendant Ryder does business in Maryland. At all times relevant to this action, Defendant Berrain was authorized to operate the Tractor-Trailer, at the location of the accident, and, at the time of the accident, by Defendant Ryder.

## JURISDICTION AND VENUE

5.      Federal diversity jurisdiction exists pursuant to 28 U.S.C. §1332(a) as there is complete diversity amongst the parties and Plaintiff seeks a recovery from Defendants in excess of seventy-five thousand dollars ($75,000.00).

6.      Venue in this District is proper under 28 U.S.C. § 1391 because the incident which gives rise to this proceeding occurred in the State of Maryland.

**FACTUAL BACKGROUND**

7. The actions complained of herein occurred in Baltimore County, Maryland.

8. On February 29, 2012, the Tractor-Trailer, a loaded full size 18-wheel tractor trailer, including cab, leased in whole or in part by Defendant Specialized from Defendant Ryder and negligently operated by Defendant Berrain collided with the 2000 Volkswagen Passat owned and operated by Plaintiff Colonel Casmere Taylor, U.S. Army ("Plaintiff" or "Col. Taylor").

9. The weather conditions were poor, it was raining and the road was slick. Defendant Berrain was driving too fast for weather conditions, and overtook Plaintiff's vehicle on Interstate 95 (at approximately mile marker 62) too quickly. Col. Taylor had started slowing down to yield to slower moving traffic in front of him, as traffic had slowed due to weather conditions. Defendant Berrain did not slow down as Col. Taylor slowed for slower moving traffic in front of him and Defendant Berrain did not take proper care, or notice the slower moving traffic, or slow down because of the poor weather conditions.

10. Because Defendant approached the slowing traffic, including Plaintiff's vehicle, too quickly, he did have sufficient roadway to properly slow and yield to traffic in front of him. Recognizing he could not stop in time, in an attempt to avoid a collision Defendant failed to maintain control of his truck and swerved the Tractor-Trailer to the right, at the last minute striking Plaintiff's vehicle anyway.

11. Defendant Berrain failed to maintain control of the Tractor-Trailer thereby striking the Plaintiff's vehicle. The front of the Tractor-Trailer crashed into the left (driver's) rear of the Plaintiff's vehicle and pushed it violently forward.

12. Plaintiff's vehicle speed at the time of the collision was approximately ten (10) miles per hour and the speed of the Tractor-Trailer was approximately fifty (50) miles per hour.

13.   At all times herein mentioned Plaintiff's vehicle was operated in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Maryland.

14.   Plaintiff was wearing his seat belt at the time of impact and his airbags did not deploy.

15.   From the force of the impact Col. Taylor was thrown forward and then backward, causing serious injury to his back, head, neck and limbs.

16.   As a result of the accident Col. Taylor sustained serious and permanent injuries, including but not limited to posttraumatic migraines, back, neck, and body injuries.

17.   Plaintiff's vehicle deemed unsafe to drive by State Police and was totaled due to damages to the frame and structure.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT BERRAIN

18.   Plaintiff hereby incorporates paragraphs 1 through 17 of this Amended Complaint fully as if the allegations were set forth fully herein.

19.   The Defendant Berrain had a duty to exercise due care for others on the roadway, to keep proper lookout for other traffic on the roadway, to maintain control of his respective motor vehicle, to obey all traffic signals, to properly yield to other vehicles on the roadway, to avoid striking other motor vehicles on the roadway, and to obey the rules and regulations governing the operation of motor vehicles on the roadway, to operate his vehicle in a manner appropriate for the weather conditions, and to obey the rules and regulations of motor vehicles then and there in effect in Baltimore County, Maryland.

20.   The Defendant Berrain was negligent in breaching all of the above stated duties, with said negligence being the proximate cause of Plaintiff's injuries and losses.

21.   As a consequence of the Defendant Berrain's negligence, Col. Taylor's body

was hurled with suddenness and force against the interior fittings of his vehicle.

22. Col. Taylor has lost his former state of physical and mental well-being, incurred medical expenses, lost time from work, and is unable to participate in many of the physical activities he previously enjoyed. He is utterly and completely unable to continue his former lifestyle.

23. Col. Taylor was in no way contributorily negligent.

24. Defendant Berrain was negligent in that he failed to control the Tractor-Trailer; failed to avoid a collision; operated the Tractor-Trailer in a reckless and negligent manner; and failed to observe the traffic laws of the State of Maryland, thus proximately causing severe injury to the Plaintiff, for which he is entitled to compensation.

WHEREFORE, Plaintiff demands compensatory damages against Defendant Berrain in the fair and just amount of one million two hundred fifty thousand dollars ($1,250,000.00) plus costs, pre-judgment interest, post-judgment interest and further relief as this Court deems appropriate.

## COUNT II
## NEGLIGENCE AGAINST DEFENDANT SPECIALIZED

25. Plaintiff hereby incorporates paragraphs 1 through 24 of this Amended Complaint fully as if the allegations were set forth fully herein.

26. The above-described acts of Defendant Berrain were committed while he was acting as an agent, employee and/or was expressly authorized by Defendant Specialized to operate the Tractor-Trailer. He acted with Defendant Specialized's knowledge and consent.

27. The above-described acts of Defendant Berrain, were committed within the scope of authorization by Defendant Specialized to operate the Tractor-Trailer.

28. The Defendant Specialized assumed liability at all times and for all acts

committed by Defendant Berrain, during the course and within the scope of authorization to operate the Tractor-Trailer. Defendant Specialized is liable to the Plaintiff for the negligent acts committed by Defendant Berrain.

WHEREFORE, Plaintiff demands compensatory damages against Defendant Specialized in the fair and just amount of one million two hundred fifty thousand dollars ($1,250,000.00) plus costs, pre-judgment interest, post-judgment interest and further relief as this Court deems appropriate.

## COUNT III
## NEGLIGENCE AGAINST DEFENDANT RYDER

29. Plaintiff hereby incorporates paragraphs 1 through 28 of this Amended Complaint fully as if the allegations were set forth fully herein.

30. The above-described acts of Defendant Berrain were committed while he was acting as an agent, employee and/or was expressly authorized by Defendant Ryder to operate the Tractor-Trailer. He acted with Defendant Ryder's knowledge and consent.

31. The above-described acts of Defendant Berrain, were committed within the scope of authorization by Defendant Ryder to operate the Tractor-Trailer.

32. The Defendant Ryder assumed liability at all times and for all acts committed by Defendant Berrain, during the course and within the scope of authorization to operate the Tractor-Trailer. Defendant Ryder is liable to the Plaintiff for the negligent acts committed by Defendant Berrain.

WHEREFORE, Plaintiff demands compensatory damages against Defendant Ryder in the fair and just amount of one million two hundred fifty thousand dollars ($1,250,000.00) plus costs, pre-judgment interest, post-judgment interest and further relief as this Court deems appropriate.

## COUNT IV
**NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT SPECIALIZED**

33.     Plaintiff hereby incorporates paragraphs 1 through 32 of this Amended Complaint fully as if the allegations were set forth fully herein.

34.     The injuries, harm, and damages were incurred by the Plaintiff as a result of the use of the Tractor-Trailer by Defendant Berrain in a negligent and reckless manner, which because of youth, inexperience, and/or prior actions, Defendant Specialized knew, or had reason to know, was likely and involved an unreasonable risk of harm to others while driving a tractor trailer.

35.     Defendant Specialized, as the employer of Defendant Berrain, had the right to permit and the power to prohibit the use of this Tractor-Trailer by Defendant Berrain.

36.     Defendant Specialized knew, or had reason to know, that Defendant Berrain because of youth, inexperience, and/ or prior actions, was likely to drive his truck in a negligent and reckless manner.

37.     As a direct result of Defendant Specialized negligently entrusting Defendant Berrain, who operated said vehicle owned in whole or in part by Defendant Ryder in a negligent and reckless manner, the Plaintiff, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in Count I of this Amended Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant Specialized in the fair and just amount of one million two hundred fifty thousand dollars ($1,250,000.00) plus costs, pre-judgment interest, post-judgment interest and further relief as this Court deems appropriate

## COUNT V
**NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT RYDER**

38.     Plaintiff hereby incorporates paragraphs No. 1 through No. 37 of this Amended

Complaint fully as if the allegations were set forth fully herein.

39. The injuries, harm, and damages were incurred by the Plaintiff as a result of the use of the vehicle by Defendant Berrain in a negligent and reckless manner, which because of youth, inexperience, and prior actions, Defendant Ryder knew, or had reason to know, was likely and involved an unreasonable risk of harm to others.

40. Defendant Ryder, as the owner of Tractor-Trailer driven by Defendant Berrain, has the right to permit and the power to prohibit the use of said vehicle by Defendant Berrain.

41. Defendant Ryder knew, or had reason to know, that Defendant Berrain because of youth, inexperience, and/ or prior actions, was likely to drive the Tractor-Trailer in a negligent and reckless manner.

42. As a direct result of Defendant Ryder negligently entrusting the vehicle to Defendant Berrain, who operated said vehicle in a negligent and reckless manner, the Plaintiff, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in Count I of this Amended Complaint.

43. WHEREFORE, Plaintiff demands compensatory damages against the Defendant Ryder in the fair and just amount of one million two hundred fifty thousand dollars ($1,250,000.00) plus costs, pre-judgment interest, post-judgment interest and further relief as this Court deems appropriate.

## COUNT VI
## NEGLIGENT HIRING AND RETENTION BY
## DEFENDANTS SPECIALIZED AND/OR RYDER

44. Plaintiff hereby incorporates paragraphs No. 1 through No. 43 of this Amended Complaint as if set forth fully herein.

45. Defendant Specialized and/ or Defendant Ryder had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee.

Defendant Specialized and/ or Defendant Ryder owed such duty to Plaintiff and such duty was breached.

46.     Defendant Specialized and/ or Defendant Ryder knew, or should have known, that Defendant Berrain would be likely to operate a motor vehicle in a negligent and reckless manner.

47.     Defendant Specialized and/ or Defendant Ryder knew, or should have known, that Defendant Berrain was not competent or fit for the duties required of him as an employee. Defendant Specialized and/ or Defendant Ryder breached their duty to use reasonable care to select and retain an employee that was competent and fit for the position.

48.     As a result of Defendant Specialized and/ or Defendant Ryder is negligence in hiring and retaining Defendant Berrain, Plaintiff was injured as alleged.

WHEREFORE, Plaintiff demands judgment against Defendants Specialized and Ryder, and each of them jointly and severally, in the amount of one million two hundred fifty thousand dollars ($1,250,000.00) plus costs, pre-judgment interest, post-judgment interest and further relief as this Court deems appropriate.

## COUNT VII
## AGENCY AGAINST DEFENDANTS SPECIALIZED AND/OR RYDER

49.     Plaintiff hereby incorporates paragraphs No. 1 through No. 48 of this Amended Complaint as if set forth fully herein.

50.     The above-described acts of Defendant Berrain were committed while he was acting as an agent, servant, and or employee of Defendant Specialized and/ or Defendant Ryder.

51.     The above-described acts of Defendant Berrain were committed within the scope of his agency and while furthering the business interests of Defendant Specialized and/ or Defendant Ryder.

52.     As the principals for Defendant Berrain, Defendant Specialized and/ or Defendant

Ryder are responsible for all of the acts committed by Defendant Berrain within the scope of his agency.

WHEREFORE, Plaintiff demands judgment against Defendants Specialized and/or Ryder, and each of them jointly and severally, in the amount of one million two hundred fifty thousand dollars ($1,250,000.00) plus costs, pre-judgment interest, post-judgment interest and further relief as this Court deems appropriate.

## COUNT VIII
## AGENCY AGAINST DEFENDANT SPECIALIZED

53. Plaintiff hereby incorporates paragraphs No. 1 through No. 52 of this Amended Complaint as if set forth fully herein.

54. The above-described acts of Defendant Ryder were committed while acting as an agent of Defendant Specialized.

55. The above-described acts of Defendant Ryder were committed while in the scope of their agency and while furthering the business interests of Defendant Specialized.

56. As the principal for Defendant Ryder, Defendant Specialized is responsible for all of the acts committed by Defendant Ryder while in the scope of its agency, including the accident in this case that caused the Plaintiff's injuries.

WHEREFORE, Plaintiff demands compensatory damages against the Defendant Specialized in the fair and just amount of one million two hundred fifty thousand dollars ($1,250,000.00) plus costs, pre-judgment interest, post-judgment interest and further relief as this Court deems appropriate.

Respectfully submitted,
_____/S/\_\_JoAnna M. Esty_____

JoAnna M. Esty, Esquire (Bar #02648)

                                            Majesty Law Group
                                            9719 Pulaski Highway
                                            Middle River, Maryland 21220
                                            jmesty@majestylaw.com
                                            (410) 686-6072  Office
                                            (888) 618-0360   Facsimile
                                            *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| COLONEL CASMERE TAYLOR, U.S. ARMY | : | |
| v. | : | CASE NO.:  RDB 14-cv-3098 |
| WILL DEHSEA BERRAIN | : | JURY TRIAL DEMANDED |
| AND | : | |
| SPECIALIZED TRANSPORTATION, INC. | : | |
| AND | : | |
| RYDER TRUCK RENTAL, INC. 11690 NW 105th Street Miami Florida 33178 SERVE ON: RESIDENT AGENT Corporate Creations Network, Inc. 2 Wisconsin Circle #700 Chevy Chase, Maryland 20815 | : : : | |
| Defendants | : | |

:    :    :    :    :    :    :    :    :    :    :    :

**REQUEST FOR JURY TRIAL**

COMES NOW the Plaintiff and requests a jury trial regarding this instant matter.

Respectfully submitted,

_____/S/\_JoAnna M. Esty_____

JoAnna M. Esty, Esquire (Bar #02648)
Majesty Law Group
9719 Pulaski Highway
Middle River, Maryland 21220
jmesty@majestylaw.com
(410) 686-6072  Office
(888) 618-0360   Facsimile
*Attorneys for Plaintiff*