IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COLONEL CASMERE TAYLOR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-14-3098 |
| WILL DEHSEA BERRIAN, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Over three years ago, Plaintiff Colonel Casmere Taylor ("Plaintiff" or "Colonel Taylor") initiated this personal injury action against Defendants Will Dehsea Berrian, Specialized Transportation, Inc., and Ryder Truck Rental, Inc. (collectively, "Defendants") for injuries sustained in a collision between a tractor trailer driven by Defendant Berrian and Plaintiff's vehicle. On November 2, 2017, Defendants filed a Motion *in Limine* (ECF No. 71) outlining several motions to exclude testimony and categories of damages, most of which this Court ruled on by letter order dated November 16, 2017.[1] (ECF No. 77.) Currently pending before this Court are Defendants' motions to exclude Plaintiff's claims related to permanent or permanent partial disability and lost wages and exclude evidence or testimony related to Plaintiff's expert's visit with Plaintiff on February 20, 2017. The issues have been fully briefed, and this Court has reviewed the parties' submissions. In addition, the motions

---

[1] Notably, this Court granted Defendants' motions to exclude Plaintiff's claims for future medical and related care and total vehicle damage. (ECF No. 77.) Currently Plaintiff proceeds with damage claims for past medical expenses and pain and suffering, loss of quality of life. (*Id.*)

1

were discussed during a teleconference conducted off the record on November 15, 2017. For the reasons that follow, Defendants' motions to exclude Plaintiff's claims related to permanent or permanent partial disability and lost wages are GRANTED and Defendants' motion to exclude evidence or testimony related to Plaintiff's expert's visit with Plaintiff on February 20, 2017 is GRANTED.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires that a party disclose "a computation of each category of damages claimed by the disclosing party—who must also make available . . . the documents or other evidentiary material . . . on which each computation is based, including materials based on the nature and extent of injuries suffered." Fed. R. Civ. P. 26. Generally, disclosures under this Rule must state "the types of damages that the party seeks, must contain a specific computation of each category, and must include documents to support the computations." *Mayor & City Council of Baltimore v. Priceline.com Inc.*, No. MJG-08-3319, 2013 WL 4507942, at *11 (D. Md. Aug. 22, 2013) (internal citations omitted). When a party fails to meet the requirements of Rule 26, "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A district court has broad discretion to exclude evidence under Rule 37. *Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592 (4th Cir. 2003).

## ANALYSIS

I.  Motions to exclude categories of damages

In an Interrogatory Answer dated May 27, 2015, Plaintiff disclosed the following categories of damages: past medical expenses, permanent disability, pain and suffering/loss of quality of life, future medical and related care, and total vehicle damage. (ECF No. 72-1 at 8.) Notably, he did not disclose damages for lost wages, economic loss, or loss of future earnings. (*Id.*) In a response to one question, however, Plaintiff did state that he had "lost time from employment for medical treatment of migraines." (*Id.* at 11.) On October 2, 2017, Plaintiff, through counsel, subsequently alleged damages for permanent partial disability and lost wages. (ECF No. 76 at 3.) Defendants move to exclude both damages figures.

Defendants move to exclude damages for lost wages on three grounds, arguing that such damages were not properly disclosed, Plaintiff has not provided any calculations showing how he reached the lost wages figure, and in essence Plaintiff is "attempt[ing] to assert an economic loss claim poorly disguised as a claim for lost wages." (*Id.* at 14-15). Defendants also move to exclude damages for permanent or permanent partial disability on two grounds, arguing that they are categories of damages only awarded in workers' compensation cases, and to the extent Plaintiff is attempting to make a claim for future earnings capacity or economic loss, such damages were not properly disclosed or otherwise supported by evidence disclosed during discovery. (ECF No. 71-1 at 14.) In Plaintiff's Response to Defendants' Motion, he responds to both of Defendants' arguments with the general statement that:

> Regarding Plaintiff's claims for permanent disability and lost wages, Defendants are aware of the type of damages being sought, as they themselves acknowledge that these claims are for economic loss and loss of future earnings capacity. Plaintiff has disclosed its computation of this amount, as well as Plaintiff's earnings records, medical records, and the impairment rating upon which the amount is based.

3

(ECF No. 72 at 16.) Plaintiff claims he disclosed these computations by directing this Court to a Supplemental Answer to an Interrogatory dated June 2, 2015, whereby Plaintiff disclosed the amounts he reported as earned income in his Federal Income Tax Returns for the years 2011 through 2014. (ECF No. 72-1 at 45, 46.) He further argues that "Plaintiff's own testimony as to the impact of his disabling impairments provides a sufficient factual basis for the trier of fact to consider such damages." (ECF No. 72 at 16.)

The record shows that Plaintiff has not met his obligations under Federal Rule of Civil Procedure 26 to present claims to the jury for lost wages or permanent or permanent partial disability. When Plaintiff made his initial disclosures in this case, there was no claim for lost wages. Directing this Court to Plaintiff's response in 2015 concerning his earned income is insufficient to show that he produced evidence supporting this quantifiable category of damages. Further, Defendants assert that they have not received calculations such as time lost from work or salary/hourly wages, ECF No. 71-1 at 14, and Plaintiff provides no evidence that he did disclose such evidence. There is therefore no evidence supporting how Plaintiff reached his calculation for lost wages. As to permanent or permanent partial disability damages, these are categories of damages awarded in workers' compensation cases, not personal injury cases. Md. Code Ann., Lab. & Empl. tit. 9, Subt. 6, Pt. IV, §§ 9-625-634; 33 U.S.C. § 908(c). Plaintiff's claim that the Defendants "are aware of the type of damages being sought, as they themselves acknowledge that these claims are for economic loss and loss of future earnings capacity" does not excuse Plaintiff's failure to

disclose the proper type of damages under Rule 26.² Further, Plaintiff has not retained an economist or otherwise provided Defendants with any other earning figures aside from Plaintiff's reported earned income. Accordingly, Plaintiff will be excluded from asking the jury to award Plaintiff damages for lost wages or permanent or permanent partial disability.

## II. Motion to exclude February 20, 2017 report

In Plaintiff's Response to Defendants' Motion, Plaintiff provided two reports by proffered expert Lawrence L. Rubin, M.D, one dated November 20, 2013 which assigns Plaintiff a 15% impairment rating and one dated February 20, 2017 which assigns Plaintiff a 20% impairment rating. (ECF No. 72-1 at 41, 42.) The discovery deadline in this case was April 13, 2017. (*See* Fourth Revised Schedule Order, ECF No. 37.)³ Defendants assert that the latter report was never disclosed to counsel, and the 2017 report reveals a fax date stamp of April 19, 2017. (*Id.* at 42.) Accordingly, Defendants' motion to exclude the February 20, 2017 report and testimony related to the report is GRANTED.⁴

## CONCLUSION

For the above reasons, Defendants' motions to exclude Plaintiff's claims related to permanent or permanent partial disability and lost wages are GRANTED and Defendants'

---

² This Court notes that had Plaintiff properly disclosed that he was seeking damages for economic loss or loss of future earnings, a jury could have considered the extent of his permanent or partial disability. *See Carter v. White*, No. 6:07-3481-GRA-WMC, 2008 WL 4861648, at *4 (D.S.C. Nov. 7, 2008), *aff'd*, 340 Fed. App'x 928 (4th Cir. 2009) (plaintiff sought lost income resulting from permanent disability).
³ This deadline was extended in a Fifth Revised Scheduling Order only for a limited purpose not relevant here. (Ltr. Ord., ECF No. 60.)
⁴ Mr. Miguel Palmeiro, who entered his appearance as co-counsel for the Plaintiff on November 13, 2017 (ECF No. 75), has now supplemented the Plaintiff's position by noting that the latter report was faxed to the Plaintiff on April 17, 2017 and then sent to defense counsel on April 19, 2017. First, this clearly did not comply with the April 13, 2017 deadline. Secondly, given that Plaintiff is excluded from asking the jury to award damages for permanent or permanent partial disability and Plaintiff has not properly claimed loss of earning capacity or economic loss, impairment rating is of no import.

motion to exclude any evidence or testimony related to Dr. Rubin's visit with Plaintiff on February 20, 2017 is GRANTED.

A separate Order follows.

Dated: November 17, 2017

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge